UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **JOSEPH E. HALL**, | ) | Case No. 4:04 CV 1690 |
| | ) | ( Related Case No. 4:00CR 0391) |
| Movant, | ) | Judge James S. Gwin |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | OF MAGISTRATE JUDGE |
| **UNITED STATES OF AMERICA**, | ) | |
| | ) | |
| Respondent. | ) | Magistrate Judge James S. Gallas |

Before the Court is the Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. §2255 filed by plaintiff Joseph E. Hall. For reasons that follow, it is recommended that the motion be denied.

On September 19, 2000 Hall was indicted on three charges: two counts of possession with intent to distribute cocaine and cocaine base (crack), in violation of 21 U.S.C. § 841 (a)(1) (counts 1 & 2); and being a felon in possession of a firearm, in violation of 18 U.S.C. § 922 (g)(1) (count 3). On October 31, 2000, a fourth and final indictment charged Hall with an additional count of possession with intent to distribute cocaine base (crack), in violation of 21 U.S.C. § 841 (a)(1) (count 4). Hall, assisted by counsel, Jacqueline Johnson, negotiated a plea agreement which was reduced to writing and executed on December 14, 2000. The written plea agreement resulted in dismissal of the second and fourth counts and restricted collateral review as follows:

> 17. The defendant hereby waives his right to appeal his conviction and further waives his right to raise and/or file post-conviction petitions for collateral relief concerning the assertion of defenses, his understanding of the charges against him, the voluntary nature of his plea, and probable cause determinations. The defendant specifically reserves the right to challenge the

4:04 CV 1690                                                                2

>   effectiveness of counsel in any post-conviction proceeding.  This limited waiver of direct appellate rights does not encompass the defendant's right to challenge by way of a direct appeal any errors in the calculation of his criminal history category that is raised and objected to at sentencing.  Should the Court fail to sentence the defendant in accordance with the appropriate guidelines range as determined by the presentence report, the defendant's right to appeal the Court's sentence is also preserved.

(Plea Agreement, Docket No. 16, 4:00 CR 391).

As required by the plea agreement, Hall pleaded guilty to counts 1 and 3 on December 14, 2000.  On March 8, 2001, Hall was sentenced to 140 months imprisonment to be followed by eight years supervised release.  Hall did not file a direct appeal from his conviction.  On August 23, 2004, though, Hall filed a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255, which is presently before this Court.

In this motion to vacate Hall raises the sole ground of:

>   Defendant's sentence violates the Sixth Amendment.  Defendant received a two-point enhancement for weapon possession.  The imposition of this enhancement violates the defendant's Sixth Amendment rights.

Hall contends in his memorandum (ECF #4) that his sentence included a two-level enhancement for possession of a firearm during the commission of a drug offense despite the companion conviction for possession of a firearm in violation of 18 U.S.C. §922(g)(1).  Hall believes that his total offense level should be reduced by two levels and consequently a term of imprisonment should have been imposed of 120 months as opposed to 140 months. Hall posits his ground as a Sixth Amendment matter built upon *Apprendi v. New Jersey*, which held that "[o]ther

4:04 CV 1690                                                                 3

than the fact of a prior conviction, any fact that increases a penalty for crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Id.*, 530 U.S.466, 490, 120 S.Ct. 2348 , 2362-63, 147 L.Ed.2d 435 (2000).  Hall further refers to *Blakely v. Washington*, which set out that "the 'statutory maximum' for *Apprendi* purposes is the maximum sentence the judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by defendant* (emphasis in original)." *Id.*, 542 U.S. 296, 303, 124 S.Ct. 2531, 2537, 159 L.Ed.2d 403 (2004).

## **LAW AND ARGUMENT**

The United States argues the petition should be dismissed without review of its merits due to untimely filing for purposes of 28 U.S.C. §2255's "1-year period of limitation," and express waiver in the plea agreement.

*Timeliness:*

The government's position is that Hall's petition was untimely because the "1-year period of limitation" had lapsed by August 23, 2004, when Hall filed his Section 2255 claim.  See 28 U.S.C. §2255.  The one-year limitation period runs from the latest of:

> (1) the date on which the judgment became final by the conclusion of direct review or the  expiration of the time for seeking such review;
>
> (2) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (3) the date on which the constitutional right asserted was initially recognized by the Supreme Court; if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

4:04 CV 1690                                                        4

>   (4) the date on which factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(28 U.S.C. §2255 ¶6).

The government correctly contends that Hall's conviction became final 10 days after he was sentenced on March 8, 2001 since he failed to raise a direct appeal. Fed. R. App. P. 4(b)(1)(a). Hall's conviction became final on March 18, 2001. In the Sixth Circuit, the matter of when time begins to accrue from an unappealed conviction for §2255 purposes has been determined to run from ten days after entry of judgment of conviction. *Sanchez-Castellano v. United States*, 358 F.3d 424, 426 (6th Cir. 2004). When Hall filed his 28 U.S.C. §2255 motion nearly two-and-one-half years had past from the one year limitation deadline of March 18, 2002. Therefore, Hall's petition is time-barred under §2255 ¶ 6(1).

Hall counters that his motion, addressing an alleged Sixth Amendment violation based on the trial court judge increasing his offense level by two-points due to possession of a firearm, is not time-barred by virtue of 28 U.S.C. §2255 ¶6(3):

>   the date on which the constitutional right asserted was initially recognized by the Supreme Court; if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review.

Hall's argument that his petition is timely pursuant to §2255 ¶6(3) fails because *Blakely*, *supra*, and *Booker v. U.S.*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), have not been made retroactively applicable to cases on collateral review. In his motion to vacate Hall relied upon

4:04 CV 1690                                                       5

*Apprendi* and *Blakely*. *Apprendi* was decided in 2000 and *Blakely*, which arguably is an extension of *Apprendi* principles, was decided in 2004. In *Dodd v. U.S.*, the Supreme Court read §2255 ¶6(3) as meaning that "the applicant has one year from the date on which the right he asserts was initially recognized by the Court." *Id.*, 545 U.S. 353, 357, 125 S.Ct. 2478, 2482, 162 L.Ed.2d 343 (2005). Just reading the first portion of subsection 3 would beg the question whether the Sixth Amendment rights at issue were initially recognized under *Apprendi* in 2000 or under *Blakely* in 2004. If these rights at issue were initially recognized in *Apprendi*, then Hall's §2255 motion to vacate filed in 2004 would indeed be untimely under either §2255 ¶6 (1) or (3). Conversely, if the right at issue was initially recognized under *Blakely* then the §2255 motion would arguably be timely. Hall's argument raised in his reply brief to the effect that there is a legal continuum from *Apprendi* through *Booker*, runs counter to timeliness under *Dodd*.

Hall, though, ignores the second equally critical portion of §2255 ¶6 (3), that the right must be, "made retroactively applicable to cases on collateral review." The parties have expended much effort in addressing the issue of retroactive application of *Apprendi, Blakely,* and *Booker v. U.S.*. However, circuit precedent is now absolutely clear that the Sixth Amendment principles addressed in these cases are procedural rules which do not have retroactive effect on collateral review of convictions which became final prior to their announcement. See *Goode v. U.S.*, 305 F.3d 378 (6th Cir. 2002), *cert. denied*, 537 U.S. 1096 (2002); *Humphress v. U.S.*, 398 F.3d 855 (6th Cir. 2005), *cert. denied*, - U.S. -, 126 S.Ct. 199, 163 L.Ed.d2d 190 (2005); *Valentine v. U.S.*, - F.3d. -, 2007 WL 1387906 (6th Cir. 2007). Granted, Hall's conviction did not become final until 2001, subsequent to the Supreme Court's decision in *Apprendi*. Hall is correct on this point. (Reply pg. 4, ECF #13).

4:04 CV 1690                                      6

However, as explained in *Valentine v. U.S.*, *Blakely* and *Booker* have no retroactive application on collateral review of convictions that had become final subsequent to the Supreme Court's announcement in *Apprendi*, but prior to these decisions. *Valentine,* 2007 WL 1387906, at *2-4. Consequently, Hall's reliance on *Booker* in his reply brief cannot salvage his arguments. No right under *Blakely* or *Booker* has been made retroactive to cases on collateral review to reset the "1-year period" under §2255 ¶6 (3).

Hall, nonetheless, can base his argument on the Sixth Amendment principle announced in *Apprendi*. Hall's sentence, however, was imposed without infringement of this principle. To begin, Hall's guilty plea to the crime of felon in possession of a firearm under 18 U.S.C. §922(g) without more, was not an admission of possession of a firearm during the drug offense for purposes of the two-level offense increase under U.S.S.G. §2D1.1(b)(1). Hall's admission established only that: (1) he possessed a firearm; (2) on or about the date alleged in the indictment; (3) following a previous felony conviction  See *U.S. v. Harris*, 293 F.3d 970, 975 (6th Cir. 2002). Additional fact-finding occurred "other than the fact of prior conviction" to make this nexus.

A point emphasized in *Valentine v. U.S., supra*, and in *Blakely* and *Apprendi* themselves, was that these decisions did not directly affect federal guideline sentencing. See *Blakely*, 542 U.S. at 305 n.9, 124 S.Ct. at 2538 n.9 ("The Federal Guidelines are not before us, and we express no opinion on them."); *Apprendi*, 530 U.S. at 497 n.21, 120 S.Ct. at 2366 n.21("We therefore express no view on the subject [ of the Guidelines] beyond what this Court has already held. See, *e.g., Edwards v. United States,...*"). At the time immediately following *Apprendi*, the courts equated the maximum statutory

4:04 CV 1690                                                  7

penalties authorized by Congress to the statutory maximum sentence. *E.g., U.S. v. Helton*, 349 F.3d 295, 299 (6th Cir. 2003); *U.S. v. Koch*, 383 F.3d 436, 438 (6th Cir. 2004) ("Koch received a cumulative sentence of 248 months. Each of Koch's sentences fell below the (congressional) statutory maximum.)"; *U.S. v. Lawrence*, 308 F.3d 623, 634 (6th Cir. 2002) (noting that *Apprendi* "applies only where the finding 'increases the penalty . . . beyond the prescribed statutory maximum.'"); and see *Simpson v. U.S.,* 376 F.3d 679, 681 (7th Cir. 2004); *Varela v. U.S.*, 400 F.3d 864, 866 (11th Cir. 2005); *U.S. v. Kinter*, 235 F.3d 192, 201 (4th Cir. 2000); *U.S. v. O'Flanagan*, 339 F.3d 1229, 1232 n. 2 (10th Cir. 2003). As *Helton, supra,* illustrates, this decision and others prognosticated from *Harris v. U.S.*, 536 U.S. 545, 122 S.Ct. 2406, 153 L.Ed.2d 524 (2002), that "[u]nder *Harris*, once the jury has determined guilt, the district court may sentence the defendant to the statutory minimum, the statutory maximum, or anything in between based on its (proper) application of the Guidelines and its (permissible) preponderance-of-the-evidence findings under the Guidelines. So long as the judge does not sentence the defendant beyond the maximum levels authorized by the statute under which the defendant was convicted, *Harris* makes clear that the district court does not run afoul of *Apprendi* or the constitutional rights that it protects." See *Helton*, 349 F.3d at 299.

In applying *Apprendi* principles to the circumstances under 21 U.S.C. §841(b)(1)(B) in this case, there was a sentencing range of five to 40 years, without consideration of the additional conviction under felon in possession of a firearm in violation of 18 U.S.C. §922(g). Hall's sentence

4:04 CV 1690                                        8

was certainly less than the prescribed statutory maximum of 40 years, and therefore did not run afoul of the Sixth Amendment principle addressed under *Apprendi*.

Additionally , although Blakely has no retroactive application, Hall's sentence consistent with *Blakely*, had its nexus for the two-level increase supplied by facts "admitted by defendant" in the written plea agreement, "that pursuant to U.S.S.G. §2D1.2(b)(1) that a two level increase applies for the possession of a firearm . . ."  (Plea Agreement ¶10, Docket No. 16, 4:00 CR 391). Hall loses sight of these crucial facts in his arguments based on *Apprendi* and *Blakely*.  Simply put, Hall's claim is baseless.

Moreover, although Hall raises his claim under the Sixth Amendment, Hall's motion lacks merit under Fifth Amendment's prohibition against double jeopardy, which appears to be the argument he is attempting to present.  Hall challenges the two-level enhancement for possession of a dangerous weapon in connection with a drug offense under U.S.S.G. §2D1.1(b)(1) and a contemporaneous conviction and sentence under 18 U.S.C. §922(g) for a felon in possession of a firearm.  Hall has no reason to be concerned.  Hall's drug and firearm offenses were grouped together in accordance with U.S.S.G. §3D1.2(c) as explained in his presentence investigation report.  When that occurs the penalty for felon in possession under 18 U.S.C. §922(g) is effectively eliminated which  allows for the two-level increase under U.S.S.G. §2D1.1(b)(1) for possession of a dangerous weapon. As a result, there is no impermissible double counting contrary to the Fifth Amendment's prohibition against double jeopardy.  See *U.S. v. Taylor*, 248

4:04 CV 1690                                                9

F.3d 506, 517 (6th Cir. 2001), *cert. denied*, 534 U.S. 981 (2001); *U.S. v. Henderson*, 1298 Fed. Appx. 949, 952 (6th Cir. Apr. 28, 2005); *U.S. v. Mitchell*, 2007 WL 1095235 (6th Cir. Apr. 12, 2007). Consequently, Hall suffered no violation of contemporaneous Sixth Amendment rights and no double jeopardy in violation of the Fifth Amendment.

*Waiver:*

The government's second contention is that Hall waived his right to file a §2255 motion to vacate sentence in the written plea agreement. "A defendant in a criminal case may waive any right, even a constitutional right, by means of a plea agreement." *U.S. v. McGilvery*, 403 F.3d 361, 362 (6th Cir. 2005). The government points to specific provisions in this agreement where Hall acknowledged and agreed to a two-level increase under U.S.S.G. §2D1.1(b)(1), agreed not to challenging the sentencing guidelines stipulations on direct appeal, and in paragraph 17 agreed not to "raise and/or file any post-conviction petitions for collateral relief *concerning the assertion of defenses, his understanding of the charges against him, the voluntary nature of his plea, and probable cause determinations.*(emphasis supplied) " Both Hall and the government fail to provide a full quotation of paragraph 17 to the court, and have instead relied on their own redacted versions. Paragraph 17 has been quoted in its entirely at the beginning of this report and it is not so clear that there has been a waiver. The paragraph in question can be read to allow for post-conviction remedies on other matters than those specified and other provisions can be reasonablely construed to permit the an appeal of sentence. The plea agreement's waiver

4:04 CV 1690                                             10

provision appears to be a sieve through which Hall's arguments can pass, and not a barrier to subsequent judicial review.

### *CONCLUSION AND RECOMMENDATION*

The government is correct that Hall's *Apprendi*-based claim is untimely. In light of *Dodd v. U.S.*, neither *Blakely* nor *Booker* has retroactive application to this case to reset the statute of limitations under 28 U.S.C. §2255 ¶ 6 (3). Moreover review of the merits of Hall's claims under the Sixth Amendment or under the Fifth Amendment ( where the appear to rest) establishes that there has been no constitutional violation. Following review of the petition and applicable law, it is recommended that the motion to vacate, set aside, or correct sentence be denied without evidentiary hearing.

                                                        s/James S. Gallas
                                                    United States Magistrate Judge

*ANY OBJECTIONS* to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of mailing of this notice. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. *See*, *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).

Date: July 16, 2007